IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| HAROON BALWA<br>1728 Hudgins Farm Cir<br>Fredericksburg, VA 22408<br>  *Plaintiff*<br><br>       v.<br><br>UR JADDOU<br>*Director of U.S. Citizenship*<br>*and Immigration Services,*<br>Office of the Chief Counsel<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009<br><br>ALEJANDRO MAYORKAS<br>*Secretary of Homeland Security,*<br>OFFICE OF GENERAL COUNSEL<br>U.S. Department of Homeland Security<br>2707 Martin Luther King Jr. Ave SE<br>Washington, DC 20528–0485<br><br>CONNIE NOLAN<br>Acting Associate Director, Service Center<br>Operations Directorate<br>Office of the Chief Counsel<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009<br><br>ANTONIO DONIS<br>Director, Arlington Asylum Office<br>1525 Wilson Blvd<br>Suite 300<br>Arlington, VA 20598-2500<br><br>  *Defendants* | Case No. 3:22-cv-76<br><br><br><br>JURY TRIAL DEMAND |

**PETITION FOR A WRIT IN THE NATURE OF MANDAMUS**

COMES NOW Plaintiff Haroon Balwa (hereinafter "Balwa") by and through his attorney Hassan

Ahmad, Esq., in the above-captioned matter, and for causes of action would show unto the Court the following:

1. This action is brought for a hearing to decide Plaintiff's application for asylum due to Defendants' failure to adjudicate the applications for over five years after submission in violation of 5 U.S.C. §555(b).

2. This action is brought as a writ in the nature of mandamus to compel Defendants' adjudication of Plaintiff's application asylum pursuant to the Administrative Procedures Act, 5 U.S.C. §701 et seq., in that Defendants are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

3. This action is brought to enjoin Defendants from violating Plaintiff's constitutional rights. The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of life, liberty or property without due process of law, and the Equal Protection Clause of the Fourteenth Amendment requires the government to adjudicate Plaintiff's application as compared to other similarly situated applicants.

## PARTIES

1. Plaintiff Balwa is a citizen of Afghanistan seeking asylum in the United States.

2. Defendant Ur Jaddou is sued in her official capacity as the Director of the U.S. Citizenship and Immigration Services. USCIS is a component of the US Department of Homeland Security.

3. Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security (DHS), and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 USC §1103(a); 8 C.F.R. §2.1.

4. Defendant Connie Nolan is the Acting Associate Director, Service Center Operations Directorate,

of the United States Citizenship & Immigration Services ("USCIS"), an agency within the DHS to whom the Secretary's authority has in part been delegated, is subject to the DHS Secretary's supervision, and is an official generally charged with the overall administration of immigration benefits and services.  8 C.F.R. §100.2(a).

5. Defendant Antonio Donis is the Director of the Arlington Asylum Office, an agency within the DHS to whom the Secretary's authority has in part been delegated, is subject to the DHS Secretary's supervision, and is an official generally charged with the administration of Plaintiff's particular application.

## JURISDICTION

6. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq,.  In addition, jurisdiction is proper in accordance with the Mandamus Act, 28 USC § 1361.   Relief is requested pursuant to said statutes and law.

## VENUE

1. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1391(e)(1) because: (1) this District is where a substantial portion of the events and omissions giving rise to the claims stated herein occurred, (2) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority in this Federal District, and (3) Plaintiffs reside in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. Plaintiff seeks asylum in the United States.

8. Plaintiff an filed an I-589 Application for Asylum and for Withholding of Removal on or about April 26, 2016. **(Exhibit 1: Dzubow & Pilcher Request to Expedite Cover Letter).**

9. Balwa was scheduled for an asylum interview on or about February 2021.

10. Plaintiff has received no further information or updates since the interview, almost one year ago.

11. Plaintiff has yet to receive a meaningful response from USCIS regarding his Application in the nearly six years.

12. Plaintiff's I-589 Application remains unadjudicated.  As a result, Plaintiff has not been able to move forward in his immigration proceedings since he filed his I-589 Application in April 2016, nearly six years ago.

## FIRST CLAIM FOR RELIEF

### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For their first claim for relief against all Defendants, Plaintiff alleges and statess as follows:

13. Plaintiff realleges and incorporates by reference paragraphs one through 13 as though fully set out herein.

14. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  An agency's failure to take action "signals 'the breakdown of regulatory processes'" and thus merits the extraordinary circumstances of mandamus relief. *In re American Rivers and Idaho Rivers United*, 372 F.3d 413, 418 (D.C.C. 2012).

15. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

16. This Court has repeatedly ruled in the past that review of a failure to adjudicate is within its jurisdiction, notwithstanding the jurisdiction-stripping provisions of the INA under 8 U.S.C. §1252(a)(2)(B). Because the Fourth Circuit finds that inaction represents action that has been unlawfully withheld, it retained jurisdiction to review unreasonable delays in certain immigration decisions.  *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 741 (E.D. Va. 2008).

17. There is no reason such extended review should require nearly six years of USCIS investigation.

18. As explained further *infra,* Defendants, in violation of 5 U.S.C. §701 *et seq*, are unlawfully

withholding or unreasonably delaying action on Plaintiff's asylum application, and they have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

19. Plaintiff alleges that his application has been pending beyond a reasonable time period for completing application review.

20. The combined delay and failure to act on Plaintiff's application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

21. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

## SECOND CLAIM FOR RELIEF

### (Violation of Right to Due Process of Law)

For his second claim for relief against all Defendants, Plaintiff alleges and states as follows:

22. Plaintiff realleges and incorporate by reference paragraphs one through 21 as though fully set out herein.

23. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

24. The Administrative Procedure Act ("APA") requires that "[w]ith due regard for the convenience and necessity for the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). In addition, § 706 of the APA "allows a court to 'compel agency action unlawfully withheld or unreasonably delayed.'"

25. The Fourth Circuit has noted that "due process requires, at a minimum, that...asylum petitioners are accorded an opportunity to be heard at a meaningful time and in a meaningful manner, i.e., that they receive a full and fair hearing on their claims." *Rusu v. USINS*, 296 F.3d 316, 321 (4th

Cir. 2002). It has also rejected actions by a party which form "a strategy of delay, delay, and more delay" that "string out the proceedings on flimsy grounds..." *Diop v. Lynch*, 807 F.3d 70, 76 (4th Cir. 2015).

26. Courts within the Fourth Circuit have also recognized that unreasonable delay is subject to a six-factor analysis to determine whether a delay is reasonable. *See Aslam v. Mukasey*, 531 F.Supp. 2d 736, 744 (E.D.Va. 2008). This process recognizes that "an agency must be given adequate time to complete an adjudication that is complex or labor intensive," but also recognizes that "it is the government's burden to offer an explanation for a particular delay." *Id.* Here, there has been no explanation offered whatsoever.

27. Plaintiff was deprived of the substantial and unique benefits stemming from an adjudication of their asylum application, including a pathway to citizenship for Plaintiff, protection of the laws of the United States; and Plaintiff's eventual political rights, including the right to vote, to the right to freely enter and remain in the United States; freedom of movement and travel; the right to obtain a United States passport and the protection of the United States government when outside the United States.

28. Plaintiff suffered irrevocable damage due to the combined delay and failure to act of Defendants.

## EXHAUSTION OF REMEDIES

29. There are no administrative remedies for a stalled application for affirmative asylum.

## PRAYER

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully requests that the Defendants be cited to appear herein and that, upon due consideration, the Court:

1. Assume jurisdiction over this action;
2. Order Defendants to adjudicate Plaintiff's I-589 Application within 30 days, and
3. Issue a declaratory judgment holding unlawful Defendants' actions in failing to adjudicate

Plaintiff's Application in violation of his due process rights under the Fifth Amendment, and in violation of the Equal Protection Clause of the Fourteenth Amendment, and

4. Order that Plaintiff have a trial by jury on the instant case, and

5. Grant an award of damages to be determined, and

6. Grant an award of reasonable attorney fees under the Equal Access to Justice Act, and

7. Award any such other and further relief at law and in equity as justice may require,

This 4th day of February, 2022.

Respectfully Submitted,

THE HMA LAW FIRM, PLLC

/s/ Hassan Ahmad

_____
BY:   Hassan Ahmad, Esq. (VSB 83428)
THE HMA LAW FIRM, PLLC
8133 Leesburg Pike, Suite 801
Vienna, VA 22182
Tel: (703) 964-0245
Fax: (703) 997-8556
hma@hmalegal.com
Attorney for Plaintiff